(30 App. Div. 546.)

HAGENAERS v. HERBST.

(Supreme Court, Appellate Division, First Department.  June 10, 1898.)

PARTNERSHIP—PREMATURE DISSOLUTION—DAMAGES.

 A co-partnership composed of the plaintiff and the defendant was broken up, and its premature dissolution compelled, by the wrongful acts of the defendant.  The parties had agreed that there should be no dissolution without arbitration, and accordingly they signed an agreement, which provided, among other things, for submitting to arbitration "the question what their respective interests in the said co-partnership are, and also what compensation, if any, either party is entitled to in consequence of the dissolution of the partnership."  Arbitration proving impracticable, the plaintiff brought an action for an accounting, and claimed as a credit damages for the premature dissolution, and violation of partnership articles.  *Held*, in view of the entire agreement and surrounding circumstances, that plaintiff's consent to dissolution did not waive his claim for these damages.

Appeal from judgment on report of referee.

Action by Lionel Hagenaers against Robert Herbst.  From a judgment on the report of a referee, defendant appeals.  Affirmed.

Argued before BARRETT, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Wm. H. Page, Jr., for appellant.
W. C. Percy, for respondent.

O'BRIEN, J.  This was an action for an accounting.  The parties were formerly co-partners, doing business as commission merchants in the city of New York, under an agreement made the 16th day of April, 1888, which was to continue until June 30, 1893.  The plaintiff was to receive a certain percentage of the profits, and an annual compensation at the rate of $2,000 per year until June 30, 1890, and for each succeeding year the same sum with an increase of $500 over each preceding year; and the defendant was to receive as compensation $6,000 per year.  Pursuant to this agreement they carried on business under the firm name of Herbst Bros. until the 18th day of April, 1891.  In addition to other items of credit claimed by the plaintiff was one for damages for the dissolution of the partnership prior to the expiration of the term, which the plaintiff claimed was brought about by the wrongful and unjustifiable conduct of the defendant towards him to the extent that he was finally excluded from his office at the firm's place of business, and literally forced out of the firm; such action, on the part of the defendant, it was charged, being resorted to for the purpose of breaking up the co-partnership, and compelling a dissolution.  The plaintiff's contention is that the dissolution was agreed to by him upon the distinct understanding and agreement that he should receive from the defendant damages for such dissolution.  The defendant insists that the dissolution was by mutual consent; and that, therefore, the plaintiff was not entitled to any damages for such dissolution, in support of which proposition he relies upon the maxim, "Volenti non fit injuria."  Looking at the agreement of the 18th of April, 1891, which recites that the partnership "has this day been dissolved by mutual consent," we find as

one of the conditions that the parties thereto "agree to submit to arbitration the question what their respective interests in the said co-partnership of Herbst Bros. are, and also what compensation, if any, either party is entitled to in consequence of the dissolution of the partnership." In accordance with the terms of this dissolution agreement, an arbitration was had; but, because the award of the arbitrators was informal and indefinite, it was set aside by the general term. Thereafter the plaintiff repeatedly requested the defendant to submit to arbitration, which requests were refused, and this action was therefore brought for an accounting. After issue joined, a reference was ordered, and upon such reference the referee has found "that towards the end of January, 1891, the defendant offered the plaintiff the sum of $1,000 if he would consent to a dissolution of the partnership, which offer was refused; that thereupon, and down to the 18th of April, 1891, the defendant adopted a course of action which rendered it virtually impossible for the plaintiff to participate in the business of the firm, although he was anxious to do so; that finally, and on or about the 18th day of April, 1891, by order of the defendant, plaintiff was absolutely excluded from his office at the firm's place of business, and that such action on the part of the defendant was unjustifiable and wrongful, and was resorted to by him for the purpose of breaking up the partnership, and compelling a dissolution of the same." In computing the damages, the referee allowed only the salary or compensation fixed by the agreement for the unexpired term, less the amount earned by the plaintiff in the meantime, and refused to allow interest, or any percentage of the profits. If it was proper to allow anything, it is clear that the sum fixed was not excessive.

The question presented, therefore, is whether the referee had the right to consider the question of damages suffered by the plaintiff subsequent to the dissolution of the firm. As already indicated, this depends upon whether the defendant is right in his contention that by reason of the dissolution by consent the plaintiff has lost all right to any damages or compensation. We think that the referee decided correctly that the consent was to be considered in connection with the other terms in the agreement of dissolution, one of which provided for a submission to arbitration of the differences of the parties, and expressly made it a condition that the compensation to which either party was entitled in consequence of the dissolution should be determined. The insistence that the compensation thus provided for was not intended to cover the item of damage which the plaintiff sought in this action, and which has been awarded him by the referee, we think is untenable. The provisions for dissolution and for arbitration, and for what should be included therein, were part and parcel of the same transaction. And when we take the language of the contract itself, together with the plaintiff's testimony that there was to be no dissolution without arbitration,—which is not denied,—we see little ground upon which to support the defendant's contention. That one partner may maintain an action against his co-partner for damages for premature dissolution and violation of the articles, has been settled; and the rule of damages adopted by

the referee was as favorable as the defendant had a right to expect. We think, therefore, that the referee was correct in the view taken as to his right to determine this question; and, as his finding in this regard is amply supported by the evidence, we do not think it should be disturbed.

The judgment appealed from should therefore be affirmed, with costs. All concur.